UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRYAN CARY,

        Plaintiff,

v.

        Civil No. 1:25-cv-13471

        Hon. Thomas L. Ludington
        United States District Judge

BRIAN HUTTEN LOCKER and
DETECTIVE EASTER,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

On October 31, 2025, while confined by the Michigan Department of Corrections (MDOC), Plaintiff Bryan Cary sued Defendants Brian Hutten Locker and Detective Easter. ECF No. 1. He asserts unclear claims concerning Defendants' alleged failure to investigate recent threats against his girlfriend, Melissa Evans, and assaults committed against him by a biker gang in 2022. ECF No. 1 at PageID.5, 17.

On November 5, 2025, because Plaintiff did not pay the required filing fee, Magistrate Judge David Grand directed him to correct the fee deficiency by December 5, 2025. ECF No. 4. Otherwise, Plaintiff's case would be dismissed for failure to prosecute. ECF No. 4 at PageID.23. On November 18, 2025, Plaintiff applied to proceed *in forma pauperis* (IFP). ECF No. 6.

Generally, anyone who sues in federal court must pay a filing fee. *Taylor v. Stevens*, 146 F.4th 480, 482 (6th Cir. 2025) (citing 28 U.S.C. § 1914). But Congress has long recognized that access to federal courts should not turn on one's bank balance. *Id.* So one who cannot afford the

fee may ask to proceed IFP, a mechanism that permits payment over time—or, in some cases, not at all. *See Crump v. Blue*, 121 F.4th 1108, 1110 (6th Cir. 2024) (citing 28 U.S.C. § 1915(a)–(b)).

That accommodation has its limits. Congress has imposed constraints through the Prison Litigation Reform Act (PLRA), under which "incarcerated people can lose [the] privilege" to proceed IFP. *Taylor*, 146 F.4th at 482. Indeed, under the PLRA's "three-strikes" rule, an inmate may not proceed IFP if he has previously filed three or more actions or appeals in which "all claims" were dismissed as "frivolous, malicious, or fail[ing] to state a claim." *Crump*, 121 F.4th at 1111(citing 28 U.S.C. § 1915(g)). So the rule is straightforward: three strikes and the prisoner is out—the privilege to proceed IFP is lost "unless the prisoner is under imminent danger of serious physical injury." *See Simons v. Washington*, 996 F.3d 350, 351 (6th Cir. 2021) (quoting 28 U.S.C. § 1915(g)).

Here, Plaintiff has three strikes. *See Cary v. Losacco*, No. 18-CV-11396, 2018 WL 9810849, at *1 (E.D. Mich. July 11, 2018) (dismissing entire complaint for failing to state a claim); *Cary v. McCaul*, No. 1:18-CV-652, 2018 WL 3867516, at *2 (W.D. Mich. Aug. 15, 2018) (same); *Cary v. Eaton*, No. 11-CV-13151, 2011 WL 4916676, at *1 (E.D. Mich. Oct. 17, 2011) (same). And Plaintiff knows that he forfeited his IFP privileges, having had at least 13 cases dismissed under 28 U.S.C. §1915(g)'s three-strike rule. *See Cary v. Teske,* No. 2:24-CV-10411, 2024 WL 730285, at *2 (E.D. Mich. Feb. 22, 2024) (collecting cases). Thus, he may not proceed IFP unless his Complaint establishes that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

It does not. Plaintiff's allegations primarily concern events that occurred before his incarceration. *See generally* ECF No. 1. None of these allegations demonstrates a prospective imminent danger of serious harm. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir.

2012) ("Allegations of past dangers are insufficient to invoke the exception."). So the exception does not apply, and § 1915(g)'s three-strike rule bars Plaintiff from proceeding IFP. *See Gresham v. Meden*, 938 F.3d 847, 849–51 (6th Cir. 2019).

Because § 1915(g)'s three-strike rule bars Plaintiff from proceeding IFP, his IFP Application, ECF No. 6, will be denied. And because Plaintiff cannot secure IFP status and has not paid his filing fee, the Complaint will be dismissed without prejudice for failure to prosecute. Plaintiff will also be denied leave to appeal *in forma pauperis*.

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis*, ECF No. 6, is **DENIED**.

Further, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to appeal *in forma pauperis*.

Dated: December 15, 2025     s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge